UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
DEC 2 0 2013
U. S. DISTRICT COURT
E. DIST OF MO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | **4:13CR532 AGF** |
| v. ) | No. |
| ) | |
| MICHAEL EDWARD FILMORE, ) | |
| ) | |
| Defendant, ) | |

## INFORMATION

### COUNT I (Bank Fraud)

The United States Attorney charges that:

1. At all relevant times, Michael Edward Filmore was an individual residing in St. Louis County within the Eastern District of Missouri.

2. At all relevant times Pulaski Bank ("Pulaski") was a financial institution headquartered in St. Louis County within the Eastern District of Missouri and the deposits of which were insured by the United States.

3. The United States Treasury Department's Troubled Asset Relief Program ("TARP") was created by the Emergency Economic Stabilization Act of 2008 and was designed to restore liquidity and stability to the financial system in the wake of the financial crisis.  One of the sub-programs created under TARP was the Capital Purchase Program ("CPP"), in which government funds were invested in financial institutions in exchange for shares in those institutions.   On or about January 16, 2009, Pulaski Financial Corp., the holding company for Pulaski, received $32,538,000 in TARP funding under the CPP.   The United States Department of Treasury received preferred stock from the holding company, and Pulaski Financial Corp.

4. Defendant was a customer of Pulaski between January 1, 2003 and November 1, 2013 and he successfully obtained a number of loans and a line of credit from Pulaski during that time period.  Defendant was in the business of brokering and leasing medical equipment and many of the loans Defendant had with Pulaski were purportedly taken to finance such purchases.

5. On or about October 24, 2013, Defendant had secured a loan to be funded for the purchase of medical equipment.  As was the custom, Defendant had provided Pulaski with a purchase order with the name of the entity from which he was to purchase the equipment with the proceeds of the loan (the "selling company").  A verification by Pulaski to confirm wire instructions revealed (1) the purchase order provided Pulaski by Filmore was fictitious, (2) the bank account on wire instructions from a previous loan for which funds had been disbursed was not a selling company account but rather an account controlled by Defendant "doing business as" the selling company.

6. Additional investigation by Pulaski revealed that Defendant had fabricated or altered brokerage account records which purportedly showed he had 5.5 million dollars in a particular brokerage account that he agreed to pledge as collateral to secure a $1,000,000 line of credit initiated in 2010.  The brokerage company confirmed that Defendant did have an account with the same account number as the one whose purported statements Defendant annually provided to Pulaski, but that contrary to the 5.5 million dollar balance reflected on those purported statements, Defendant had never funded the account.

7. The validity of the purchase order and bank account information as well as the authenticity of the securities account balances pledged for collateral for the aforementioned line of credit were all material to Pulaski's decision to continue to extend Defendant credit.

8. Between on or about January 1, 2010 and November 1, 2013, in St. Louis County within the Eastern District of Missouri,

MICHAEL EDWARD FILMORE,

the Defendant herein, did knowingly and intentionally execute a scheme to defraud a financial institution the funds and deposits of which were insured by the United States.

In violation of Title 18, United States Code Section 1344.

## FORFEITURE ALLEGATION

The United States Attorney further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 982(a)(2), upon conviction of an offense in violation of Title 18, United States Code, Section 1344 as set forth in Count I, the defendant(s) shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense and a 2008 Jeep Wrangler acquired on or about July 26, 2013 for $16,000 from Waldorf Ford.

3. If any of the property described above, as a result of any act or omission of the defendant(s):

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

_____
Thomas C. Albus, #46224MO
Assistant United States Attorney

UNITED STATES OF AMERICA )
EASTERN DIVISION )
EASTERN DISTRICT OF MISSOURI )

I, Thomas C. Albus, Assistant United States Attorney for the Eastern District of Missouri, being duly sworn, do say that the foregoing information is true as I verily believe.

_____
THOMAS C. ALBUS, #46224MO

Subscribed and sworn to before me this 6th day of December 2013.

_____
CLERK, U.S. DISTRICT COURT

By: _____
DEPUTY CLERK